IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHELLE LOUISE BRAWLEY and PRESTON SMITH, | § § § | |
| Plaintiffs, | § § | |
| V. | § § | No. 3:21-cv-2195-M-BN |
| STATE OF TEXAS, ET AL., | § § § | |
| Defendants. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiffs Michelle Louise Brawley and Preston Smith bring their *pro se* claims through a second amended complaint [Dkt. No. 15] allowed by court order, *see* Dkt. No. 14. Chief Judge Barbara M. G. Lynn referred their lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. The Court granted each Plaintiff leave to proceed *in forma pauperis* (IFP), *see* Dkt. No. 13, subjecting their allegations to judicial screening under 28 U.S.C. § 1915(e)(2). And Plaintiffs have moved for summary judgment. *See* Dkt. No. 17.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss their sole plausibly alleged federal claim with prejudice, decline to exercise supplemental jurisdiction over any remaining state-law claims, and terminate the motion for summary judgment.

### Legal Standards

A district court is required to screen a civil action filed IFP and may summarily

dismiss that action, or any portion of the action, if, for example, it fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). "The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam).

And "[i]t is well-established that a district court may dismiss a complaint on its own motion under [Rule] 12(b)(6) for failure to state a claim upon which relief may granted." *Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at *1 (N.D. Tex. Oct. 30, 2018) (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171 (5th Cir. 2006) (citing, in turn, *Shawnee Int'l, N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984))), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir.) (per curiam), *cert. denied*, 140 S. Ct. 142 (2019).

A district court may exercise its "inherent authority ... to dismiss a complaint on its own motion ... 'as long as the procedure employed is fair.'" *Gaffney v. State Farm Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008) (per curiam) (quoting *Carroll*, 470 F.3d at 1177 (quoting, in turn, *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)); citation omitted). The United States Court of Appeals for Fifth Circuit has "suggested that fairness in this context requires both notice of the court's intention to dismiss *sua sponte* and an opportunity to respond." *Id.* (quoting *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007) (quoting, in turn, *Carroll*, 470 F.3d at 1177); internal quotation marks and brackets omitted). These findings, conclusions, and recommendations provides notice, and the period for filing objections to them affords an opportunity to respond. *See, e.g.*, *Starrett*, 2018 WL 6069969, at *2

(citations omitted)).

Dismissal for failure to state a claim under either Rule 12(b)(6) or Section 1915(e)(2)(B)(ii) "turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam)), as neither the IFP statute nor the Federal Rules of Civil Procedure "countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 574 U.S. at 11.

Instead, plaintiffs need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Id.* at 12 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* And "[a] claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679; citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("[T]he degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context."))).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while a court must accept all of a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

This rationale has even more force here, as "*[p]ro se* complaints receive a 'liberal construction.' Even so, 'mere conclusory allegations on a critical issue are insufficient ….'" *Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (quoting *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018), then *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989) (per curiam)). And "liberal construction does not require that the Court ... create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013).

"To demand otherwise would require the 'courts to explore exhaustively all potential claims of a *pro se* plaintiff'" and would "transform the district court from its

legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.'" *Jones v. Mangrum*, No. 3:16-cv-3137, 2017 WL 712755, at *1 (M.D. Tenn. Feb. 23, 2017) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985))

"Ordinarily, 'a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.'" *Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009)). But leave to amend is not required where an amendment would be futile, *i.e.,* "an amended complaint would still 'fail to survive a Rule 12(b)(6) motion," *Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016) (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)), or where a plaintiff has already amended his claims, *see Nixon v. Abbott*, 589 F. App'x 279, 279 (5th Cir. 2015) (per curiam) ("Contrary to Nixon's argument, he was given the opportunity to amend his complaint in his responses to the magistrate judge's questionnaire, which has been recognized as an acceptable method for a *pro se* litigant to develop the factual basis for his complaint." (citation omitted)).

## Analysis

Plaintiffs bring their claims against the State of Texas, the Dallas Police Department, the Dallas Animal Shelter, three private entities (hotels), several private individuals, and multiple Dallas police officers. Their factual allegations are difficult to follow. But a fair summary of Plaintiffs' claims is that they seek damages ($6.25 million) after their eviction and the City's failure to return their property (a

BMW and a dog) following their arrest. *See generally* Dkt. No. 15; *see, e.g., id.* at 8 ("It is in our wishes for the courts to grant fair compensation; including future damages, for the crimes committed by all the Defendants: defamation, self-eviction, theft, violations of civil and violations of human rights; pain and suffering that caused the loss of a home, theft of personal property the dog, the loss of all property, the loss of consortium; disharmony between the couple who loves one another; the loss of a dear [pet].").

Plaintiffs brought these claims to federal court. And they name as defendants fellow Texans. So it is Plaintiffs' "burden to plausibly allege a federal controversy" (as opposed to a controversy under the Court's diversity jurisdiction) to give the Court "subject-matter jurisdiction to decide [their] claims." *Ghedi v. Mayorkas*, ___ F.4th ___, No. 20-10995, 2021 WL 4947326, at *5 (5th Cir. Oct. 25, 2021); *see also* 28 U.S.C. §§ 1331, 1332.

Insofar as Plaintiffs have alleged a constitutional claim against state actors – not private individuals, nor non-jural entities, nor a defendant subject to sovereign immunity – the undersigned construes their allegations to assert that Dallas police officers wrongfully deprived them of their property in violation of due process. *See* Dkt. No. 15 at 8 ("The City of Dallas Animal Shelter stated to the woman upon going to retrieve the property dog from the shelter that the dog had been adopted; this happened without the owner's consent of and illegal sale and trade of Michelle's property: as to a person cannot sell another person's property that doesn't belong to them without consent/ no business/ no contract; to include due to the stalking and

intention to steal the private property dog before at S2 Grove at White Rock by the same tortfeasors Dallas Police Department and The City of Dallas Animal Shelter from an illegal eviction; thankfully, from the theft of the private property was not was given to its owner Michelle. On 06/10/2021 private property was stolen and not retained for one week due to the kidnapping of both Owners Sovereign Political Power Holder(s) Michelle and Preston who were kidnapped by Dallas Police Department and Dallas County Jail …."); *Campusano-Morales v. Austin Police Dep't*, No. A-09-CV-812-LY, 2009 WL 10713202, at *2 (W.D. Tex. Dec. 16, 2009) ("The deprivation of property by persons acting under color of state law may be a violation of the Due Process Clause of the Fourteenth Amendment."), *rec. accepted*, 2010 WL 11652167 (W.D. Tex. Jan. 19, 2010).

But "[t]he *Parratt/Hudson* doctrine dictates that a state actor's random and unauthorized deprivation of a plaintiff's property does not result in a violation of procedural due process rights if the state provides an adequate post-deprivation remedy." *Brooks v. George Cnty., Miss.*, 84 F.3d 157, 165 (5th Cir. 1996) (citing *Caine v. Hardy*, 943 F.2d 1406, 1412 (5th Cir. 1991) (en banc) (discussing, in turn, *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986), and *Hudson v. Palmer*, 468 U.S. 517 (1984))).

"[T]his doctrine is most frequently applied when prisoners (or others) are deprived of their personal property but have the opportunity to seek return of their property (or be made whole) through a post-deprivation process." *LeBeouf v. Manning*, 575 F. App'x 374, 379 (5th Cir. 2014) (per curiam) (citations omitted). "In

Texas, the tort of conversion generally constitutes an adequate post-deprivation remedy." *Wyatt v. Matagorda Cnty.*, No. 3:13-CV-356, 2017 WL 908202, at *4 (S.D. Tex. Mar. 7, 2017) (citing *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994)). And "[t]he burden is on the plaintiff to show that the State's post-deprivation remedy is not adequate." *Id.* (citing *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996)); *see also Campusano-Morales*, 2009 WL 10713202, at *2 ("[W]here the plaintiff has an adequate post-deprivation tort remedy under state law, the deprivation is not without due process of law, and therefore such an allegation fails to state a constitutional claim. Even an intentional deprivation which was made without regard to the proper procedural regulations would not violate procedural due process if the state furnished an adequate post-deprivation remedy. In Texas, the tort of conversion fulfills this requirement." (citations omitted)).

Plaintiffs allege no facts to show that they cannot assert their construed due process allegations through a conversion action in state court. Nor do they allege facts to show that they were deprived of property under an official policy or directive. *See Allen v. Thomas*, 388 F.3d 147, 149 (5th Cir. 2004) ("Conduct is not 'random and unauthorized' for purposes of the *Parratt/Hudson* doctrine if the state 'delegated to [the defendants] the power and authority to effect the very deprivation complained of.'" (quoting *Zinermon v. Burch*, 494 U.S. 113, 138 (1990))); *Walker v. Clark*, No. 2:17-cv-221-Z-BR, 2020 WL 3979730, at *4 (N.D. Tex. June 17, 2020) ("[P]laintiff's argument is contradictory, in that he claims Miller's act was an intentional theft, which would be unauthorized taking of his property, clearly distinguishable from the

facts in *Allen*. In the *Allen* case, a prison directive allowed for the seizure of the property in a specific instance, and the plaintiff in that case was in effect challenging the fact that a prison official followed a specific prison directive."), *rec. adopted*, 2020 WL 3978371 (N.D. Tex. July 14, 2020); *Chaney v. City of Ocean Springs, Miss.*, No. 1:18cv30-HSO-JCG, 2019 WL 1140218, at *4 (S.D. Miss. Mar. 12, 2019) ("When an ultimate policymaker in a specific area takes action in that area, her conduct may generally be construed to constitute a custom or policy of the municipality. The *Parratt/Hudson* doctrine does not apply in such situations." (citing *Woodward v. Andrus*, 419 F.3d 348, 353 (5th Cir. 2005))).

The Court should therefore dismiss the sole plausibly alleged federal claim with prejudice. *See, e.g., Campusano-Morales*, 2009 WL 10713202, at *2 ("In the present case, there are no factual allegations establishing that the private tort remedies available to Plaintiff in the Texas courts are in any way inadequate to provide him with a meaningful post-deprivation remedy for the alleged seizure of his property. Accordingly, Plaintiff's allegations regarding the loss of his property do not provide an arguable constitutional claim against the Defendant APD. The Court therefore concludes Plaintiff's complaint should be dismissed in its entirety under 28 U.S.C. § 1915(e)(2)." (footnote omitted)).

And, insofar as any state-law claims remain, the Court should decline to exercise supplemental jurisdiction over those claims.

To determine whether it should "relinquish jurisdiction over pendent state law claims," a court looks to "statutory factors set forth by 28 U.S.C. § 1367(c)" – "(1)

whether the state claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction" – as well as "the common law factors of judicial economy, convenience, fairness, and comity" set forth by *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 158-59 (5th Cir. 2011). As "no single factor is dispositive," *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008), "[t]he overall balance of the statutory factors is important," *Enochs*, 641 F.3d at 159 (citation omitted).

Here, that balance favors relinquishing jurisdiction over any remaining state-law claims to allow Plaintiffs to pursue those claims in a state forum, if they so choose.

Further, for all these reasons, the Court should terminate Plaintiffs' motion for summary judgment [Dkt. No. 17], which, to prevail on, requires that they "establish beyond peradventure all of the essential elements of [their claims]." *Hughes v. Dillard, Inc.*, No. 3:09-cv-218-D, 2009 WL 4279414, at *3 (N.D. Tex. Nov. 30, 2009) (quoting *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex. 1995) (quoting, in turn, *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)); internal quotation marks omitted).

## Recommendation

The Court should dismiss Plaintiffs Michelle Louise Brawley and Preston Smith's sole plausibly alleged federal claim with prejudice, decline to exercise supplemental jurisdiction over any state-law claims that remain, and therefore

terminate Plaintiffs' motion for summary judgment.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 28, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE